UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORETTA JONES,

                       Plaintiff,

-against-

NEW YORK CITY POLICE DEPT., et al.,

                       Defendants.

1:19-CV-9979 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action seeking injunctive relief.[1] By order dated December 13, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

---

[1] Days after Plaintiff filed her complaint, she filed an "addendum." (ECF 4.) The Court construes Plaintiff's addendum as a supplement to her complaint.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**DISCUSSION**

Plaintiff asserts that the defendants – the New York City Police Department ("NYPD"), the City of New York, the State of New York, the Federal Bureau of Investigation ("FBI"), the United States of America, and an individual named Vanessa Light – have violated her federal constitutional rights.

Plaintiff alleges that the events that are the basis of her claims began to occur in 1992 and have continued to the present. She asserts that they have occurred in her "residence, workplace, and all places attending." (ECF 2, at 5.) She alleges that

> [w]hile being stalked, raped and abused by a former New York City police officer who was also a convicted mafia felon, the [FBI], the NYPD and others began investigations that included contacting me and which escalated against me to include employing known drug dealers such as a Vanessa Light . . . to tell me they don't care and they're not going to stop.
>
> The harassment had grown to 3 groups identifying themselves as "police," "FBI" and "military" who were using surveillance and invasive technologies upon my personal space and even my body remotely rendering me defenseless. They claim this is what they do to terrorists and pedophiles/molesters, though I am none of those and demand to be free of their assaults. They further claim to each other and revealed to me last week that they need to prove they can control me by their 24-hr., minute-to-minute narrations into my space by their speaker technologies. When of course I resist any of their often lewd and always unconstitutional barrages they respond with sleep deprivation tactics and the like.

(*Id.* at 5-6.)

2

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

Plaintiff's action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 20, 2019
       New York, New York

                                            COLLEEN McMAHON
                                       Chief United States District Judge